**Fo Chuan MEI, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4133.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 22, 2004.

Decided March 2, 2004.

---

Marco Pignone, III, Wilson & Pignone, Philadelphia, PA, for Petitioner.

Linda S. Wendtland, John C. Cunningham, Douglas E. Ginsburg, John M. McAdams, Jr., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before ALITO and CHERTOFF, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

PER CURIAM.

### I.

Mei Fo Chuan ("Mei") challenges a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision finding Mei subject to deportation. We conclude that Mei waived his argument on the question of the translation at the first hearing and that substantial evidence supports the IJ's decision. We therefore deny Mei's petition for review.

### II.

#### A.

■ Mei's first argument is that his right to due process was violated by the Immigration Judge's reliance on the transcript from his first trial. Mei argues that there were translation difficulties in the first hearing and he was not provided a translator in a language in which he was fluent.

We are barred from considering questions not raised on appeal to the BIA. *See Alleyne v. INS,* 879 F.2d 1177, 1182 (3d Cir.1989);[1] *see also, Florez–De Solis v. INS,* 796 F.2d 330, 335 (9th Cir.1986). Also, though we generally are able to review constitutional questions that a petitioner failed to raise before the BIA,

---

* Hon. Dickinson R. Debevoise, United States District Judge for the District of New Jersey, sitting by designation.

1. Though *Alleyne* involved 8 U.S.C. § 1105a, which subsequently was repealed, the current statute governing jurisdiction over immigration appeals, 8 U.S.C. § 1252, uses almost the identical language to describe exhaustion.

where "a due process claim not presented to the Board involves only a procedural error correctable through the administrative process, we are unable to review it." *Alleyne*, 879 F.2d at 1183 n. 10.

Because Mei's due process claim is based on an alleged procedural error of this type, we are barred from considering that claim. *See Malek v. INS*, 198 F.3d 1016, 1021–22 (7th Cir.) (declining to review the question whether petitioner's wife should have been granted an interpreter because he had failed to raise the argument before the BIA). Mei's notice of appeal to the BIA and his BIA brief show no mention of this argument whatsoever. It was not even raised by implication. Therefore, we cannot address this argument. In addition, even if we could address this argument, a close review of the first hearing transcript shows that any translation difficulties were minor.

### B.

The second argument made by Mei is that the IJ lacked substantial evidence upon which to make an adverse credibility assessment. This argument is without merit.

██ The Administrative Record ("AR") shows that Mei's testimony and the evidence he advanced were replete with inconsistencies. Only a few need be pointed to here. A document presented to the IJ by Mei stated that his wife was sterilized in 1983. *See* AR at 402. However, during his first hearing in 1993, Mei testified that his wife was sterilized in January 1981. AR at 497–98. In his second hearing on March 9, 2001, Mei testified that she was sterilized on October 28, 1981. When on cross-examination he was asked about the inconsistency between his 1993 testimony and his present testimony, he stated that he could not recall the dates clearly at the time. *Id.* at 140. When asked why his recollection would not have been clearer in 1993, Mei did not answer directly but, instead stated, "It was because in '93, I went to Court, could not recall clearly and so lost the case." *Id.* at 141.

On Mei's asylum application he stated that he was subjected to life punishment for his violation of China's one-child policy. *Id.* at 581. Mei's application stated that if he returned he would suffer from persecution for having a second child and that this persecution would include having no job or employment assigned to him for his whole life, being permanently ineligible for a "regular price food coupon," and receiving no social benefits for his whole life. *Id.* Yet when asked directly in 2001 whether he had any problems with Chinese authorities after paying a fine for violating the one-child policy, he stated that he had not. *Id.* at 124. This testimony was inconsistent with that given in 1993, where Mei testified that he had paid no fine to the Chinese authorities and that he had suffered consequences because of this failure to pay. *Id.* at 468.

In the first hearing Mei testified that he had been held in custody for at least ten days and that his wife was sterilized in January 1980. *Id.* at 496. He then stated that the date was actually January 1981 and that his wife was held for over one month. *Id.* at 497–98. Yet in the 2001 hearing, he gave no testimony about any imprisonment. Rather, his testimony indicated that he paid the fine and that his wife was taken to the hospital for several days and sterilized. *See id.* at 124–31.

Numerous other inconsistencies abound in the record. Taken together, these inconsistencies amount to substantial evidence upon which the IJ could have determined that Mei was not credible. Therefore, Mei's argument concerning credibility must also fail.

### III.

We have reviewed all Mei's arguments and see no grounds for granting his petition. Therefore, his petition for review will be denied.